UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.               Criminal No. 05-81142
                 Honorable Patrick J. Duggan

D-1 LATOYA COTTON,

    Defendant.
              /

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Information issued on December 19, 2005, charged Defendant Latoya Cotton with violations of 18 U.S.C. § 666, Theft From Federally Funded Program;

WHEREAS, the Information additionally contained a Criminal Forfeiture Count seeking forfeiture of property constituting or derived from proceeds directly or indirectly, as the result of those violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, including but not limited to the real property known as 8445 Chatham Drive, Canton, Michigan, or all of the proceeds from the sale of 8445 Chatham Drive, Canton, Michigan, more fully described as:

> Unit 4, Hampton Ridge North Condominium, according to the Master Deed recorded in Liber 37466, pages 4 through 59, inclusive, Wayne County Records, as amended, and designated as Wayne County Condominium Subdivision Plan No. 691, together with rights in common elements and limited common elements, as set forth in the above Master Deed (and amendments thereto) and as described in Act 59 of Public Acts of 1978, as amended; Tax Code No. 72-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-000;

WHEREAS, on December 19, 2005, Latoya Cotton entered into a Rule 11 Plea Agreement wherein she pled guilty to Count 1 of the Information and agreed to forfeit her interest in the property at 8445 Chatham, Canton, MI, or in the proceeds from the sale thereof;

WHEREAS, on or about April 26, 2006, the above described real property was sold and sale proceeds in the amount of $349,518.71 were provided to the Government to hold in escrow until the forfeiture count in the Information was resolved;

**NOW THEREFORE**, pursuant to Defendant Latoya Cotton's Rule 11 Plea Agreement entered on December 19, 2005:

1. Defendant Latoya Cotton shall forfeit to the United States of America any and all of her interest in the proceeds from the sale of the real property located at 8445 Chatham Drive, Canton, Michigan, in the amount of $349,518.71, property which constitutes or is derived from proceeds directly or indirectly, as the result of violations of 18 U.S.C. § 666, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. Accordingly, Latoya Cotton's interest in the $349,518.71 ("Subject Property") is hereby **FORFEITED** to the United States of America for disposition in accordance with the law, and any right, title or interest of Defendant Latoya Cotton **IS HEREBY AND FOREVER EXTINGUISHED**.

3. Upon entry of this Order, the United States or a designee is authorized to seize the Subject Property, pursuant to Federal Rule of Criminal Procedure 32.2, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any asset seized, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C.

§ 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

     5. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the Subject Property and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the Subject Property and may warrant good title to any subsequent purchaser or transferee.

     6. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

     7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

**IT IS SO ORDERED.**


s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: May 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 17, 2006, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager